IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) ) | CV408-186 |
| | ) | Complaint |
| ENTERPRISE PAINT AND SUPPLY STORE, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

The United States Equal Employment Opportunity Commission ("the Commission") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to remedy the breach of Conciliation Agreements resolving charges filed with the Commission. The Commission alleges that it entered into Conciliation Agreements with Defendant Enterprise Paint and Supply Store, Inc. ("Defendant") on January 24, 2007, and January 26, 2007, in settlement of charges filed by Charging Parties Roehelia Y. Gatson ("Gatson") and Dorothea C. Freeman ("Freeman"), respectively. The Conciliation Agreements also included relief for a class of female applicants denied employment because of their sex. The

Commission alleges that Defendant breached the Conciliation Agreements by failing and refusing to abide by the terms thereof.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

2. The breach of contract alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is authorized to bring this lawsuit pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Georgia corporation doing business in the State of Georgia and the City of Hinesville and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. On October 27, 2004, Gatson filed EEOC Charge Number 115-2005-00048 with the Commission, alleging violations of Title VII by Defendant. In her charge, Gatson alleged that, in or around August 2004, she was subjected to sex discrimination by Defendant. Gatson alleged that she was qualified for and applied for an available Vinyl Applicator position to work on projects in response to hurricane relief efforts. Gatson alleged she was informed that she was hired, but that she was never assigned to work. Defendant told her that it did not have accommodations for women to work. However, Defendant called male applicants to work.

7. On October 27, 2004, Freeman filed EEOC Charge Number 115-2005-00049 with the Commission, alleging violations of Title VII by Defendant. In her charge, Freeman alleged that, in or around October 2004, she was subjected to sex discrimination by Defendant. Freeman alleged that she was qualified for and applied for an available Vinyl Applicator position to work on projects in response to hurricane relief efforts. Freeman alleged that after she applied for the position

she was told she would be called for work as soon as accommodations for women could be secured. Freeman further alleged that she was later told there was a hiring freeze. However, Defendant called male applicants for work.

8. The Commission investigated Gatson's charge, and issued a determination letter on September 27, 2006. In the determination letter, the Commission found that Defendant had violated Title VII by subjecting Gatson and a class of other female applicants to sex discrimination. The Commission thereafter successfully settled Gatson's sex discrimination claim and the class claim through voluntary conciliation with Defendant and Gatson. The terms of the settlement agreement were memorialized in a "Conciliation Agreement" signed by Defendant on December 19, 2006, Gatson on January 12, 2007, and the Commission on January 24, 2007. A true and correct copy of the Conciliation Agreement for Charge Number 115-2005-00048 is attached hereto as "Exhibit A" and is incorporated herein by reference.

9. The Commission investigated Freeman's charge, and issued a determination letter dated September 27, 2006. In the determination letter, the Commission found that Defendant had violated Title VII by subjecting Freeman and a class of other female applicants to sex discrimination. The Commission thereafter successfully settled Freeman's sex discrimination claim and the class claim

through voluntary conciliation with Defendant and Freeman. The terms of the settlement were memorialized in a "Conciliation Agreement" signed by Defendant on December 19, 2006, Freeman on January 10, 2007, and the Commission on January 26, 2007. A true and correct copy of the Conciliation Agreement for Charge Number 115-2005-00049 is attached hereto as "Exhibit B" and is incorporated herein by reference.

10. Under the terms of the Conciliation Agreements, Defendant was required to pay Gatson ten thousand dollars ($10,000.00) in monetary damages within ninety (90) days of the execution of the Conciliation Agreement. Defendant was required to pay Freeman ten thousand dollars ($10,000.00) in monetary damages within ninety (90) days of the execution of the Conciliation Agreement. Defendant agreed to provide proof of the payments to Gatson and Freeman to the Commission within one hundred twenty (120) days of the Agreements being signed by all respective parties.

11. Further, under the terms of the Conciliation Agreements, Defendant was required to pay a total of fourteen thousand dollars ($14,000.00) in back wages to the class of affected females identified in EEOC Charge Numbers 115-2005-00048 and 115-2005-00049.

12. Since April 2007, Defendant has breached the Conciliation Agreements by failing and refusing to comply with the terms thereof.

## **PRAYER FOR RELIEF**

A. Grant a judgment ordering Defendant to pay Roehelia Y. Gatson the sum of ten thousand dollars ($10,000.00), which is the amount of damages Defendant agreed to pay pursuant to the Conciliation Agreement, plus prejudgment interest.

B. Grant a judgment ordering Defendant to pay Dorothea C. Freeman the sum of ten thousand dollars ($10,000.00), which is the amount of damages Defendant agreed to pay pursuant to the Conciliation Agreement, plus prejudgment interest.

C. Order Defendant to pay the sum of fourteen thousand dollars ($14,000.00) in back wages, the amount of damages Defendant agreed to pay to the class of affected females identified in EEOC Charge Numbers 115-2005-00048 and 115-2005-00049, plus prejudgment interest.

D. Grant a judgment ordering Defendant to pay the legal costs associated with the collection of the amount due and owing.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the commission its costs of this action.

[signatures on following pages]

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507


_/s/ Robert Dawkins_
Regional Attorney
Georgia Bar No. 076206
Email: robert.dawkins@eeoc.gov

REBECCA E. POPE
Trial Attorney
Georgia Bar No. 101106
Atlanta District Office
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
100 Alabama Street, S.W., Suite 4R30
Atlanta, Georgia 30303
Email: rebecca.pope@eeoc.gov



EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY

JAMES L. COURSEY, JR.
Assistant United States Attorney

7

8

Georgia Bar No. 190602
100 Bull Street, 2nd Floor
Savannah, Georgia 31401
(912) 652-4422
EMAIL: Jimmy.Coursey@USDOJ.GOV